UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JANIS R. SADRI,<br><br>                Plaintiff,<br><br>   v.<br><br>WFM-WO, INC.,<br><br>                Defendant. | CASE NO. C11-5084 RJB<br><br>ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on Defendant WFM-WO, Inc.'s motion for summary judgment. Dkt. 23. Defendant seeks dismissal of Plaintiff Janis R Sadri's personal injury claims in their entirety. The Court has considered the pleadings in support of and in opposition to the motion and the record herein.

**INTRODUCTION AND BACKGROUND**

This action arises out of personal injuries allegedly sustained by Plaintiff Janis Sadri during a slip and fall that occurred at Whole Foods Market (formerly Wild Oats Market) in Vancouver, Washington. Dkt. 3-1 pp. 1-3. Plaintiff was a regular customer of Whole Foods, frequenting the store two or three times a week for at least three years. Dkt. 24 pp. 20-21. On

| 1 | January 7, 2008, at 1:30 pm, Plaintiff entered the store from the entrance adjacent to the produce
| 2 | department. Dkt. 24 pp. 24-25. There had been wind and rain that morning and at the time of
| 3 | Plaintiffs arrival it was "rather blustery." Dkt. 24 pp. 25. Plaintiff was wearing brand-new
| 4 | leather boots with skid-resistant, chunky, two and a half inch heels. Dkt. 32. Immediately after
| 5 | entering the store and adjacent to a produce display, Plaintiff's feet slipped and she fell to the
| 6 | floor. Dkt. 24 pp. 33-34. Prior to her fall, Plaintiff did not observe any water, produce, or other
| 7 | debris on the floor. Dkt. 24 pp. 35. It was only after Plaintiff was assisted up off the floor by
| 8 | another customer, that she noticed a black gooey substance approximately two or three inches in
| 9 | diameter on the floor. Dkt. 24 pp. 37. Plaintiff guesses that it was the remnants of a plum. *Id.*
| 10 | Plaintiff motioned for a store employee and asked that the substance be cleaned up so that no one
| 11 | else would slip and fall. Dkt. 24 pp. 39-41. The employee, identified as Eunice, swept the debris
| 12 | into a dustpan and left. *Id*. Plaintiff recognized Eunice from previous visits to the store as the
| 13 | employee that "wrangles the carts and cleans up spills." Dkt. 24 pp. 39. Plaintiff was unaware
| 14 | that Eunice has a mental disability. Dkt. 24 pp. 39-40.

   During the time period of Plaintiff's slip and fall, Whole Foods had employees whose sole job duty was to sweep the entire store floor every thirty minutes and record each time they started sweeping in a "sweep log." Dkt. 25 pp. 1. According to the sweep log, on January 7, 2008, Whole Foods store employee, Eunice, swept the floor during the relevant time period, including at 12:30 p.m., 1:00 p.m., 1:30 p.m. 2:00 p.m., 2:30 p.m. and so on. Dkt. 25 pp. 2, 5. In addition to its sweeping practice, Whole Foods instructed all of its employees to remove any reported or observed debris from the floor which might create a potential hazard for its customers. Dkt. 25 pp. 2.

1       Plaintiff filed this lawsuit to recover for her injuries.  Defendant moves for summary

2 judgment contending that Plaintiff cannot establish that Whole Foods was negligent and that its

3 negligence proximately caused her to slip and fall.  Dkt. 23 pp. 2.

## SUMMARY JUDGMENT STANDARDS

       Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, affidavits or declarations, stipulations, admissions, answers to interrogatories, and other materials in the record show that "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In assessing a motion for summary judgment, the evidence, together with all inferences that can reasonably be drawn therefrom, must be read in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *County of Tuolumne v. Sonora Cmty. Hosp.*, 236 F.3d 1148, 1154 (9th Cir. 2001).

       The moving party bears the initial burden of informing the court of the basis for its motion, along with evidence showing the absence of any genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  On those issues for which it bears the burden of proof, the moving party must make a showing that is sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party.  *Idema v. Dreamworks, Inc.*, 162 F.Supp.2d 1129, 1141 (C.D. Cal. 2001).

       To successfully rebut a motion for summary judgment, the non-moving party must point to facts supported by the record which demonstrate a genuine issue of material fact.  *Reese v. Jefferson Sch. Dist. No. 14J*, 208 F.3d 736 (9th Cir. 2000).  A "material fact" is a fact that might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Where reasonable minds could differ on the material facts at issue,

summary judgment is not appropriate. *See v. Durang,* 711 F.2d 141, 143 (9th Cir. 1983). A dispute regarding a material fact is considered genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* at 248. The mere existence of a scintilla of evidence in support of the party's position is insufficient to establish a genuine dispute; there must be evidence on which a jury could reasonably find for the party. *Id.*, at 252.

## NEGLIGENCE AND THE *PIMENTAL* EXCEPTION

Proof of any negligence claim requires that the defendant owe a duty to the plaintiff, that the defendant breach that duty, and that the breach is the proximate cause of injuries to the plaintiff. *Hertog v. City of Seattle*, 138 Wn.2d 265, 275, 979 P.2d 400 (1999). The legal duty a landowner owes to a person entering the premises depends on whether the entrant is within a common law category of a trespasser, a licensee, or an invitee. *Iwai v. State*, 129 Wn.2d 84, 90-91, 915 P.2d 1089 (1996). Here, neither party has disputed, and the record supports, Plaintiff's status as an invitee on Whole Foods' premises.

To establish a negligent failure to maintain business premises in a reasonably safe condition, an invitee plaintiff must generally show (1) the proprietor or its employees caused an unsafe condition or (2) the proprietor had actual or constructive knowledge of the unsafe condition and failed to timely remedy it. *Pimentel v. Roundup Co*., 100 Wn.2d 39, 49, 666 P.2d 888 (1983). However, in *Pimentel*, the Washington Supreme Court recognized an exception to this requirement, known as the mode of operation rule. *Id.*, at 40.

Under the *Pimentel* exception, if the business where an injury occurs is a self-service operation, the plaintiff is relieved of her burden of establishing a proprietor's actual or constructive knowledge of an unsafe condition. This exception to the notice requirement applies where a proprietor's business incorporates a self-service mode of operation and this mode of

operation inherently creates an unsafe condition that is continuous or reasonably foreseeable in the area where the injury occurred. *O'Donnell v. Zupan Enterprises, Inc.*, 107 Wn.App. 854, 858, 28 P.3d 799 (2001); *Arment v. Kmart Corp.*, 79 Wn.App. 694, 696, 902 P.2d 1254 (1995). Where this exception applies, the law charges the proprietor with actual knowledge of the foreseeable risks inherent in such a mode of operation; and the proprietor must take reasonable precautions against the creation of hazardous conditions that this mode of service might cause. *O'Donnell*, at 858-59. The produce department of a grocery store is such an area where the hazards are apparent and therefore the owner is placed on notice by the mode of operation. *Arment*, at 698; *Wiltse v. Albertson's Inc.*, 116 Wn.2d 452, 461, 805 P.2d 793 (1991).

Given the nature and location of Plaintiff's slip and fall, there is sufficient evidence to raise a genuine issue of fact as to the application of the *Pimental* exception to the requirement of establishing notice. Plaintiff testifies that she fell in the produce department of the store and subsequently observed a black gooey substance on the floor that she supposes was a plum that caused her fall. Whole Foods' mode of operation raises a genuine issue of fact as to whether Whole Foods had notice of an unsafe condition that is continuous or reasonably foreseeable.

Under such circumstances, the Plaintiff may establish liability by showing that the operator of the premises has failed to conduct periodic inspections with the frequency required by the foreseeability of the risk. *Iwai,* 129 Wn.2d at 99; *Wiltse*, 116 Wn.2d at 461.

Whole Foods has presented evidence that the entire store is swept every half hour and that all of its employees are instructed to remove any reported or observed debris from the floor which might create a potential hazard for its customers. Whole Foods asserts that Plaintiff has failed to produce any expert testimony raising an issue of fact that these standards are

insufficient to meet the standard of care and thus, Whole Foods met the duty of care as a matter of law.

Although expert testimony is often proffered as to the industry standard of care, Defendant has failed to cite any authority, and the Court is unaware of any, which requires Plaintiff to establish the standard of care by way of expert testimony. Whether the procedures employed by Whole Foods constitute sufficient measures to remove or eliminate known hazards is a question of fact for the jury. The self-service mode of operation might require a proprietor to implement protections that are not necessary under other circumstances, such as installing special types of flooring or implementing inspection procedures that reduce the risk of harm and enable the proprietor to discover and remove hazardous conditions customers create. *O'Donnell*, 107 Wn.App., at 860; *Ciminski v. Finn Corp.,* 13 Wn.App. 815, 820, 537 P.2d 850 (1975). The reasonableness of a proprietor's methods of protection is a question of fact. *O'Donnell*, at 860; *Ciminski,* at 820-21. Because there is a question of fact as to the reasonableness of Whole Foods' actions, its motion for summary judgment should be denied.

## CONCLUSION

Therefore, it is hereby **ORDERED**:

Defendant's Motion for Summary Judgment (Dkt. 23) is **DENIED**.

Dated this 27th day of December, 2011.

ROBERT J. BRYAN
United States District Judge